**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ANGELA D. DEVONSHIRE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY BERRYHILL, DEPUTY COMMISSIONER OF OPERATIONS FOR THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | No. ED CV 17-821-AB (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

**I.**

**INTRODUCTION**

On October 22, 2018, the United States Magistrate Judge issued a Report and Recommendation ("R&R") in this action, denying plaintiff's motion to augment the record and recommending that (1) plaintiff's request to reopen the 2011 Decision be denied; (2) plaintiff's Motion for Summary Judgment ("MSJ") be granted in part; (3) defendant's request in the Answer that the decision of the ALJ be affirmed be denied; (4) the Commissioner's denial of benefits be reversed; and (5) the action be remanded to defendant for further proceedings. (ECF No. 48).

On November 6, 2018,[1] plaintiff filed Objections to the R&R ("Objections" or "Obj."). (ECF No. 49). Defendant did not file a timely response to the Objections and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2).

**II.**

**DISCUSSION**

Plaintiff raises several objections to the Magistrate Judge's findings in the R&R.

First, plaintiff objects to the Magistrate Judge's denial of her motion to augment the record. (Obj. at 3, 4). She notes that the records she requested to be added included medical records that were "listed as evidence" in the Administrative Record ("AR") in this action at AR 94-96, which were not included in the record. As noted by the Magistrate Judge, because the case is being remanded, plaintiff can supplement the record on remand with these (and other) documents and her motion to augment the record was denied without prejudice to presenting these documents to the ALJ on remand. (ECF No. 48 at 7-8, 26-27). Thus, the Magistrate Judge's denial of plaintiff's request to augment the Administrative Record has no bearing on the Magistrate Judge's findings and recommendations. Plaintiff's objection is **overruled**.

Second, plaintiff objects to the Magistrate Judge's determination that the 2011 decision was final and should not be reopened. (Obj. at 3, 4-5). She submits that after receiving an unfavorable decision with respect to the 2011 decision denying her application for benefits, she filed a new application for DIB on May 11, 2013, which was denied on August 8, 2013. (Obj. at 5, 8-9). She states that it is *that* decision -- not the 2011 decision -- for which she requested reconsideration. (Obj. at 5). The Court notes, however, that plaintiff's MSJ reflects that she was requesting

---

[1] Pursuant to Rule 72 of the Federal Rules of Civil Procedure, objections to a Report and Recommendation must be served and filed within 14 days after being served with a copy of the Report and Recommendation. Fed. R. Civ. P. 72(b). Plaintiff's objections, therefore, were due 14 days after October 22, 2018, i.e., on November 5, 2018, and were untimely by one day. As such, the Court is not required to consider the objections. Fed. R. Civ. P. 72(a) (a district judge "must consider *timely* objections . . .") (emphasis added). In any event, as discussed herein, plaintiff's objections have no bearing on the Magistrate Judge's findings and recommendations.

reconsideration of the 2011 decision issued by ALJ Jay Levine. (See MSJ at 5 ("Upon appeal and request for reconsideration and reopening of my claim file on December 29, 2014, I requested another hearing for review of ALJ Levine's decision on the grounds that he erred by not accepting the medical opinion of my treating physicians."); see also MSJ at 5; but see ECF No. 41-2 (Memorandum of Points and Authorities) at 7 (stating that plaintiff thought she was "still in the process of appealing [her] request for reconsideration filed in 2013")).

In any event, even if plaintiff was requesting reconsideration of the August 8, 2013, decision, she also failed to timely commence an appeal with regard to that decision. She had sixty days from August 8, 2013, i.e., until October 8, 2013, to appeal that decision, but did not file anything until September 16, 2014, almost one year later. Thus, the Court agrees with the Magistrate Judge's finding that the ALJ did not err when he determined the 2011 decision was final and should not be reopened. Neither is there error in the ALJ's purported failure to reopen or reconsider the August 2013 decision.

Finally, plaintiff objects to the Magistrate Judge's recommendation that the case be remanded to the Commissioner for further proceedings, rather than for payment of benefits. (Obj. at 3, 5-7). She submits that remanding for further proceedings "would constitute a miscarriage of justice," as she has been filing for DIB since June 12, 2008, has had the same diagnosis since 2008, and for ten years "the defendant and Commissioner [have] failed to properly adjudicate" her claim. (Obj. at 5). While the Court is sympathetic to plaintiff's contention that she has been waiting for over ten years to obtain benefits, plaintiff presents no compelling evidence that remand for payment of benefits is warranted. The Court agrees with the Magistrate Judge that there are outstanding issues that must be resolved before a final determination can be made.

### III.

### **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the other records on file herein, the Magistrate Judge's Report and Recommendation, and plaintiff's Objections to the

3

| | |
|---|---|
| 1 | Report and Recommendation. The Court has engaged in a <u>de novo</u> review of those portions of |
| 2 | the Report and Recommendation to which objections have been made. The Court agrees with |
| 3 | the recommendations of the Magistrate Judge. |

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Plaintiff's objection to the Magistrate Judge's denial of her request to augment the record is **overruled**.
3. Plaintiff's request to reopen the 2011 and/or the 2013 decision is **denied**.
4. Plaintiff's Motion for Summary Judgment is **granted** to the extent set forth in the Magistrate Judge's Report and Recommendation, and the decision of the ALJ is reversed and remanded for further proceedings in accordance with the Report and Recommendation.
5. Defendant's request in the Answer that the decision of the ALJ be affirmed is **denied**.
6. Judgment shall be entered consistent with this Order.
7. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: January 4, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE